IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00349-MSK-MEH

CORY VOORHIS,

    Plaintiff,

v.

MANUEL OLMOS,
ANTHONY ROUCO, and
DONALD CHAROBEE, Special Agents in the employ of the Immigration and Customs Enforcement Agency, United States Department of Homeland Security, in their individual capacities,

    Defendants.

## ORDER GRANTING STAY OF DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Defendants Olmos and Charobee's Motion to Stay Discovery [filed May 26, 2011; docket #16] and the Motion of Defendant Rouco to Stay Discovery [filed May 31, 2011; docket #19]. The motions are referred to this Court for disposition. (Dockets ##18, 20.) Oral argument would not materially assist the Court in its adjudication. The Court decides the motions without reviewing a response from Plaintiff, who opposes the relief requested. For the reasons set forth below, the Court **GRANTS** the motions to stay discovery.

**I.    Background**

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) and the 14th Amendment to the United States Constitution. (Docket #1 at 1.) All defendants responded to Plaintiff's Complaint with motions to dismiss. (Dockets ##15, 17.) Defendant Rouco claims absolute immunity (docket #17 at 6-7); Defendants Olmos and Charobee assert an entitlement to qualified immunity (docket #15 at 9). In the motions at hand, defendants

request that discovery be stayed pending resolution of the immunity defenses and jurisdictional challenges stated in their motions to dismiss.

## II.  Discussion

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed."  *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery."  *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals.  *See Rome*, 225 F.R.D. at 643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment.  *Id*. at 643-44.

Defendants Olmos and Charobee raise qualified immunity as a defense in their pending motion to dismiss, and Defendant Rouco asserts the defense of absolute immunity, in addition to other threshold jurisdictional challenges, in his motion to dismiss.  Plaintiff sues each of the three defendants in their individual capacities only.  Plaintiff seeks money damages and does not include a request for injunctive relief in his Complaint.  (*See* docket #1 at 15-16.)  The case is still in the early stages of litigation; no scheduling conference has been held, and Defendants responded to Plaintiff's original Complaint with the pending motions to dismiss that could fully dispose of Plaintiff's claims before engaging the discovery process.

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Considering the early filing of the motions to dismiss premised on immunity and jurisdiction and that the suit is filed for money damages against defendants named in their individual capacities only, the Court finds that the circumstances evaluated in *Rome* are inapplicable to the case at hand. In light of the governing case law as stated herein, the Court concludes that a stay of discovery as to all defendants is appropriate in this matter, pending resolution of the motions to dismiss.

### III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants Olmos and Charobee's Motion to Stay Discovery [filed May 26, 2011; docket #16] and the Motion of Defendant Rouco to Stay Discovery [filed May 31, 2011; docket #19] are **granted**. Discovery as to all defendants is stayed pending resolution of the motions to dismiss. The parties shall file a status report within ***three business days*** of receiving a ruling on either of the motions to dismiss, indicating what scheduling, if any, is needed. The Scheduling Conference set for June 8, 2011, is hereby **vacated**.

Entered and dated at Denver, Colorado, this 2nd day of June, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge